UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | 2:23-cr-00200-GMN-MDC-1 |
|---|---|
| Plaintiff(s), | |
| vs. | Order; and |
| Ekaterina Aleksandrovna Lau, | Report and Recommendation |
| Defendant(s). | |

Based on the results of the competency evaluation and the parties' responses, it is recommended that defendant Ekaterina Aleksandrovna Lau be found competent to stand trial.

## DISCUSSION

### I. BACKGROUND

On October 25, 2023, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging defendant Lau with one count of interference with flight crew members and attendants in violation of 49 U.S.C. § 46504 and one count of assault by striking and wounding in violation of 18 U.S.C. § 113(a)(4). ECF No. 1. On November 9, 2023, defendant appeared in court for her initial appearance/arraignment and plea. ECF No. 7. The government did not seek detention and defendant was released on a personal recognizance bond. *Id.*

On January 22, 2024, defendant filed a *Notice of Intent to introduce Expert Evidence of Mental Condition* (ECF No. 17) and a *Notice of Insanity Defense* (ECF No. 18). On February 20, 2024, defendant filed a *Motion for Competency Evaluation* (ECF No. 19). Defendant's counsel expressed concerns that defendant was "presently unable to assist in her own defense." ECF No. 19 at 3:26. Counsel's concern was based on "information and belief" and defendant had "been previously diagnosed as schizophrenic, among other potential mental health disorders." *Id.* at 3-4. The government did not object to the evaluation and only requested that the defendant be placed in the custody of the Attorney General to complete the examination. ECF No. 23. On March 7, 2024, after the Motion for

Competency Evaluation had finished briefing, the Court held a telephonic status conference to discuss the present status of the case considering the recent Motion for Competency Evaluation and the upcoming trial. ECF Nos. 26, 28. The Court ordered counsel for defendant to file a sealed supplement to the Motion for Competency Evaluation by April 17, 2024, and any response be filed by April 22, 2024. ECF No. 28. On April 16, 2024, defendant filed the sealed unredacted record (ECF No. 33) as well as a *Supplemental Motion for Competency Evaluation* (ECF No. 31). The government did not respond.

On April 19, 2024, the Court ordered (ECF No. 35) that a hearing be held on April 23, 2024, to discuss the Motions for Competency Evaluation (ECF Nos. 19, 31). On April 23, 2024, the Court granted the Motions to Compel (ECF Nos. 19, 31) and ordered parties to submit a stipulation detailing (1) whether the Bureau of Prisons ("BOP") could do the evaluation, and if not, (2) the private facility parties agree would do the evaluation. ECF No. 36.  On April 29, 2024, the parties filed a *Stipulation as to Competency Evaluation* (ECF No. 37), stating that the BOP could not perform the evaluation unless defendant was in custody, therefore, the parties agreed that defendant would be evaluated by a private provider. On May 1, 2024, the Court granted the stipulation and ordered the evaluator to prepare a report by no later than May 31, 2024. ECF No. 38.

On June 3, 2024, the Court received copies of the report. ECF Nos. 39, 40. In sum, the report concludes that defendant is competent to stand trial.   The report generally stated that defendant "understands the nature and consequences of the proceedings filed against her" and is "motivated to assist in her own defense." ECF No. 40. The Court ordered parties to file simultaneous briefs in response to the report by no later than 4:00pm June 17, 2024. ECF No. 39. Defendant filed their brief on June 14, 2024, and the government filed their brief on June 17, 2024. ECF Nos. 41, 42. Neither party objects to the evaluator's findings or contests that defendant is competent to stand trial. *Id.*

II.     **LEGAL STANDARD**

The Due Process Clause of the Fifth Amendment prohibits trying a defendant who is mentally incompetent. *Cooper v. Oklahoma*, 517 U.S. 348, 354, 116 S. Ct. 1373, 134 L. Ed. 2d 498 (1996) ("We

have repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotations and citations omitted). "A person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975).

The treatment of offenders suffering from a mental disease or defect has been codified in the Federal Criminal Code. 18 U.S.C. §§ 4241-48. The Federal Criminal Code establishes a multipart statutory scheme for addressing offenders suffering from a mental disease or defect who have pending federal charges. If a question is raised concerning whether a defendant is competent to stand trial or assist in his defense, the court first determines whether the defendant suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. 18 U.S.C.§§ 4241(a), and (d). When the Court has reasonable cause to believe a defendant is suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or assist properly in his defense, the Court shall conduct a hearing to determine whether that defendant is competent to stand trial. 18 U.S.C. §4241(a).

A defendant is competent to stand trial if he "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and if "he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402, 80 S. Ct. 788 (1960). "Whether a defendant is capable of understanding the proceedings and assisting counsel is dependent upon evidence of the defendant's irrational behavior, his demeanor in court, and any prior medical opinions on his competence." *Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir. 1997). "The government has the burden of demonstrating by a preponderance of the evidence that the defendant is competent to stand trial." *United States v. Hoskie*, 950 F.2d 1388, 1392 (9th Cir. 1991).

//

## III. ANALYSIS

The Court reviewed the Competency Evaluation prepared by Dr. Melissa Piasecki, M.D., who is board certified in psychiatry and forensic psychiatry. ECF No. 40. Dr. Piasecki assessed the defendant on May 16, 2024. *Id.* at 3. She interviewed the defendant and her husband, together and separately. *Id.* Dr. Piasecki also relied on:

1. Witness statements obtained by FBI and LVMPD
2. News media account of statements by Dmitry Medvedev, Newsweek 9.10.23
3. Medical and Mental Health Records for Mr. Lau
    a. Dignity Health
    b. UC Davis Health
    c. Heritage Oaks Hospital
    d. Gold Country Hearing and Balance
    e. Psychiatric Clinic, Moscow
4. Report of Evaluation Greg Harder, Psy.D. 1.8.24
5. Video recordings of Ms. Lau's arrest and LVMPD police interview 9.11.23
6. Audio recording of Ms. Lau by FBI 9.11.23
7. Court order Stipulating to Competency Evaluation 5.1.24
8. FBI Reports Case ID# 164B-LV-3811993
9. TSA summary report
10. Image of Ms. Lau's boarding pass

ECF No. 40 at 3.

Out of concern for the defendant's privacy, the Court will not go into detail regarding Dr. Piasecki's summary of the defendant's medical history. In general, Dr. Piasecki found a history of mental health disorders and diagnoses. ECF No. 40.

On the mental status examination, Dr. Piasecki made some notations about defendant's appearance *Id.* at 6. Dr. Piasecki also noted some issues regarding eye contact and speech, and that defendant was guarded, but concluded that defendant understood and was cooperative in her responses. *Id.* Dr. Piasecki reviewed the record and witness reports regarding the events leading to arrest and defendant's own recount of the events. *Id.* at 6-7. Dr. Piasecki noted that, at the time of the May 16, 2024, assessment interview, defendant was able to express her feelings and assessments about the events leading to her arrest, and she demonstrated insight into the nature of her actions.

Dr. Piasecki specifically noted that defendant:

> demonstrated an understanding of the charged offenses and the potential consequences. She identified her attorney and his role in her defense. She described how she was able to contact and communicate with her attorney. She was able to articulate potential defenses to her charges and demonstrated motivation to assist in her defense.

ECF No. 40 at 7.

Dr. Piasecki also specifically addressed and answered each one of the Court's referral questions requested in its May 1, 1024, order (ECF No. 38).

In sum, Dr. Piasecki's report indicates that defendant (1) understands the nature and consequences of the proceedings against her and (2) is able and motivated to assist her counsel in her defense. Further, both the defense and the government have provided briefs that do not object to Dr. Piasecki's findings or that disagree defendant is competent to stand trial. ECF Nos. 41, 42. The Court finds that defendant meets the *Dusky* test. The Court finds that the defendant is competent to proceed to trial.

ACCORDINGLY,

**IT IS ORDERED** that the Competency Hearing scheduled for July 10, 2024, is VACATED.

**IT IS RECOMMENDED** that the defendant, Ekaterina Aleksandrovna Lau, be required to stand trial based on the undersigned findings that she is competent to do so.

DATED: June 21, 2024.

IT IS SO ORDERED and RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge